IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:14-cv-00134-PAB-KMT

SPRING CREEK EXPLORATION &
PRODUCTION COMPANY, LLC,

      Plaintiff,

v.

HESS BAKKEN INVESTMENTS II, LLC,
f/k/a TRZ ENERGY LLC; STATOIL OIL
& GAS, LP f/k/a BRIGHAM OIL & GAS, LP;
and STATOIL US HOLDINGS, INC.

      Defendants.

_____

**JOINT AND STIPULATED PROTECTIVE ORDER**
_____

      Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

      1.    All Confidential Discovery Material produced or exchanged in the course of this litigation shall be used solely for the prosecution, defense, and/or settlement of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

      2.    A producing party may designate as "Confidential" any document or information that it has determined in good faith consists of or relates to the following: (a) trade secrets, including but not limited to, employer lists, client lists, prospective client lists, provider lists, provider information, records, forms, computer printouts, systems information, computer software, manuals, other business records and information, methods for the operation of the

businesses; (b) financial, tax and accounting information, confidential or proprietary business-related information, business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, and competitive analyses; and (c) confidential personal information.

      3.    A producing party may designate as "Attorneys' Eyes Only" a document or other information if, and only if, the document or other information contains particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed without threat of competitive injury due to the proprietary or commercial sensitivity of such information. The "Attorneys' Eyes Only" designation shall be used as sparingly as possible. Any document, material, or information designated by a party as "Attorneys' Eyes Only" must be reviewed by an attorney. The designation of any document, material, or information as "Attorneys' Eyes Only" shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection and shall be used sparingly.

      4.    "Confidential Discovery Material," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or producing parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a party or third party will make such designation only as to the information that it in good faith believes contains confidential information and which that party has treated as confidential, proprietary, or trade secret information prior to the commencement of this litigation.

5. "Qualified Persons," as used herein, means:

   a. This Court and relevant Court personnel;

   b. Counsel for a party (including in-house counsel), employees or independent contractors of such attorneys, and employees or independent contractors of a party who are supervised by in-house counsel, to whom it is necessary that the material be shown for purposes of this litigation;

   c. Any expert, consultant, jury consultant, or other person (and his or her direct staff and/or mock jurors) who is retained by counsel for the purpose of consulting and/or testifying in this litigation, provided that each such expert or consultant shall have previously signed the Acknowledgement of Protective Order, as provided in Exhibit A;

   d. Persons shown on the face of the document that have authored or received the document;

   e. Court reporters and videographers retained to transcribe or record testimony;

   f. The parties, including any officer, director, agent, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this matter, provided that each such person shall have previously signed the Acknowledgement of Protective Order, as provided in Exhibit A.  Each party is responsible for securing Acknowledgements from their officers, directors, agents and employees.

   g. Deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Confidential Discovery Material is necessary in

connection with such testimony, provided that each such person shall have previously signed the Acknowledgement of Protective Order, as provided in Exhibit A, or is giving testimony in this lawsuit and is therefore under the jurisdiction of this Court and shall be given actual notice of the Protective Order during the testimony;

      h.    Third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving documents or related data;

      i.    Other persons upon written agreement of the parties; and

      j.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

      6.    Documents produced in this action may be designated by any party or third party as "Confidential" or "Attorneys' Eyes Only" by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only." Any duplication of Confidential Discovery Material authorized by this Protective Order shall include the same designation on the copy as exists on the original. Documents produced in native format shall be designated by including "Confidential" or "Attorneys' Eyes Only" (or a reasonable abbreviation) in the name of each file that the party wishes to designate or, if that is impractical, in another way that will provide the receiving party with reasonable notice of the designation. Documents produced in .tif or .pdf format shall be designated by including "Confidential" or "Attorneys' Eyes Only" on each page and the file name need not include the designation. Any storage media containing materials designated as Confidential Discovery Materials shall be marked as containing "Confidential" or "Attorneys' Eyes Only" information.

7.     Any party may designate deposition testimony as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the certified transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the certified transcript.

8.     a.     Confidential Discovery Material shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in paragraphs 5(a), (b), (c), (d) (e), (h), (i), and (j) above.

       b.     Copies of Confidential Discovery Material may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

       c.     Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents which are delivered to any one or more Qualified Persons of paragraph 5(c) above.

9.     Documents previously produced shall be retroactively designated by notice in writing to all parties of the designated class of each document by Bates number within thirty (30) days of the entry of this order.  Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.  A receiving party shall make a reasonable, good faith effort to promptly

collect any copies that have been provided to individuals other than Qualified Persons entitled to receive the document under the revised designation and shall inform Qualified Persons who are entitled to receive the document of the revised designation.

      10.     The inadvertent production or disclosure of any document or other material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If, after learning of the inadvertent production, the producing party wishes to assert its privilege or protection, it shall promptly send to the receiving party(ies) a written request for return and/or destruction of the inadvertent production. Upon such request, the receiving party shall promptly return and/or destroy the inadvertent production and all copies in its possession and shall not utilize the information contained in the inadvertent production for any purpose; provided, however, that the party returning and/or destroying the inadvertent production shall have the right, within ten business days of receiving notice, to apply to the Court for an order that such materials or documents are not protected from any disclosure or by any privilege, may retain a copy of the materials or documents pending resolution of the application to the Court, and shall refrain from disclosing or using the documents except for purposes of the application to the Court pending the decision by the Court. If the party receiving the inadvertent production produced the materials or documents to any other party, person, or entity, it shall give notice to such party, person or entity of the inadvertent production and such party, person, or entity shall be subject to the provisions of this Order.

11. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only." If the requested change in designation is not agreed to within ten (10) business days, the party seeking the change may move the Court for appropriate relief. The designating party shall have the burden of proving that the Confidential Discovery Material is within the scope of protection afforded by this Protective Order. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

13. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" if it is information that:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure;

d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

e. has been previously disclosed to an outside third party with no request or expectation that the information be regarded as "Confidential."

14. Nothing in this Protective Order shall prevent the parties from using their own Confidential Discovery Material in any manner the party deems appropriate. Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of documents or information that it obtained from another party or from a nonparty before the commencement of this action, regardless of whether a party or nonparty designates the same documents or information as Confidential Discovery Material pursuant to this Protective Order.

15. A party or third party that designates material as "Confidential" or "Attorneys' Eyes Only" may remove or change the designation by providing notice to the receiving parties and/or providing substituted documents with the stamp removed or changed.

16. In the event a party wishes to use any Confidential Discovery Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, that party shall file a Motion to Restrict pursuant to D.C. COLO. LCivR 7.2, seeking to restrict public access to the Confidential Discovery Material under Level 1. The party seeking to use

Confidential Discovery Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation may also coordinate with the producing party to redact information contained therein to the producing party's satisfaction. If the Confidential Discovery Material can be redacted to the producing party's satisfaction, the producing party may waive the necessity of the filing party filing a Motion to Restrict.

17. If a party desires to use Confidential Discovery Material in open court, that party shall provide the producing party with an opportunity to object before the Confidential Discovery Material is revealed to any person not entitled to receive it under the terms of this Protective Order or is made part of the Court record without being sealed or restricted. Neither this Protective Order nor the production of documents pursuant to this Protective Order shall be interpreted as limiting or waiving a producing party's objection to the disclosure of information or its use in open court.

18. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, all documents designated "Confidential" or "Attorneys' Eyes Only" and all reasonably accessible copies shall either be returned to the relevant producing parties or destroyed. A party or third party may request that counsel for a party certify in writing that reasonable steps were taken to gather and destroy all documents designated "Confidential" or "Attorneys' Eyes Only" and that all such documents have been destroyed. Counsel shall obtain the same certification from all persons to whom counsel provided copies of documents designated "Confidential" or "Attorneys' Eyes Only." Provided, however, that (a) counsel for the parties shall be entitled to retain papers filed with the Court, deposition transcripts and exhibits, expert witness reports, and trial exhibits and (b) expert witnesses disclosed by a party

may retain any reports generated during the course of this litigation and any material prepared at the request of counsel.

19. This order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to the client his or her evaluation in a general way of "Attorneys' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any "Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

20. The provisions of this Protective Order concerning the use and disclosure of Confidential Discovery Material shall continue in effect after the conclusion of this action. The Court retains and shall have jurisdiction over the parties and all recipients of Confidential Discovery Material for purposes of enforcing this Protective Order.

21. If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Discovery Material provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Discovery Material or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Discovery Material on the basis of this Protective Order except upon court order entered after the notice and procedures set forth above have been followed.

22. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or

question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable ground or privilege to withhold any document or information, or of any right that the parties may have to assert such ground or privilege at any stage of the litigation or any appeal.  Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Discovery Material produced or sought.

23. The parties agree that upon the execution of this Protective Order by all signatory counsel, the parties are and shall be bound hereby.  The parties acknowledge and agree that their respective signing counsel have the authority to execute this Protective Order and thereby bind the respective parties.

24. This Protective Order may be executed by facsimile and in counterparts.

SIGNED this the 29th day of April, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States District Court Judge

AGREED:

| | |
|---|---|
| *s/ Michelle P. Scheffler* | *s/ Tamir Goldstein* |
| Alexis J. Gomez | Tamir Goldstein |
| Michelle P. Scheffler | Joseph C. Daniels |
| ANDREWS KURTH LLP | SHERMAN & HOWARD, L.L.C. |
| 600 Travis, Suite 4200 | 633 Seventeenth Street, Suite 3000 |
| Houston, Texas 77002 | Denver, Colorado 80202 |
| Telephone: (713) 220-4027 | *Attorneys for Plaintiff* |
| FAX: (713) 238-7164 | |
| E-mail: agomez@andrewskurth.com | |
| E-mail: mscheffler@andrewskurth.com | |
| | |
| Craig L. Stahl | *s/ Elizabeth J. Hyatt* |
| ANDREWS KURTH LLP | Elizabeth J. Hyatt |
| 10001 Woodloch Forest Drive, Suite 200 | OGBORN MIHM, LLP |
| The Woodlands, Texas 77380 | 1700 Broadway, Suite 1900 |
| Telephone: (713) 220-4834 | Denver, Colorado 80290 |
| Fax: (713) 238-7478 FAX | Phone: 303-592-5900 |
| E-mail: cstahl@andrewskurth.com | Fax:    303-592-5910 |
| | E-mail: elizabeth.hyatt@ogbornmihm.com |
| Of Counsel: | *Attorneys for Defendant* |
| | *Hess Bakken Investments II, LLC* |
| Frank C. Porada | |
| Berenbaum Weinshienk PC | |
| 370 Seventeenth Street, Suite 4800 | |
| Denver, Colorado 80202-5626 | |
| Telephone: (303) 592-8335 | |
| FAX: (303) 629-7610 | |
| E-mail: fporada@bw-legal.com | |
| *Attorneys for Defendant* | |
| *Statoil Oil & Gas LP* | |

**EXHIBIT A**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____

2. The name and address of my present employer is _____
_____

3. My present occupation or job description is _____
_____

4. My present relationship to plaintiff(s)/defendant(s) is _____
_____

5. I have received a copy of the Protective Order in this action.

6. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Discovery Material received under the protection of the Protective Order.

7. I further agree to submit to the jurisdiction of the United States District Court, District of Colorado, and understand that the Court may impose sanctions for any violation of the Protective Order, and that violation of the Protective Order may also provide the basis for civil action. I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in the State of
_____.

_____
Signature

LITIGATION/4162637.1