IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00134-PAB-KMT

SPRING CREEK EXPLORATION & PRODUCTION COMPANY, LLC,

    Plaintiff,

v.

HESS BAKKEN INVESTMENT II, LLC f/k/a TRZ Energy, LLC, and
STATOIL OIL & GAS, LP f/k/a Brigham Oil & Gas, LP,

    Defendants.

# ORDER

This matter is before the Court on the Motion for Reconsideration Regarding Portions of the Court's Order Granting in Part and Dismissing in Part the Defendants' Motions to Dismiss [Docket No. 52] filed by plaintiff Spring Creek Exploration & Production Company, LLC ("Spring Creek"). The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## I. BACKGROUND

This case arises out of a dispute concerning an agreement (the "Agreement") and an Area of Mutual Interest ("AMI") entered into between Spring Creek and defendant Hess Bakken Investment II, LLC ("Hess Bakken") whereby Hess Bakken agreed to assign to Spring Creek an overriding royalty interest in all current and future leases it held in an area known as the Tomahawk Prospect. Docket No. 3 at 3, ¶ 10. In exchange for the overriding royalty interest in the leases, Spring Creek sold its oil and gas interests in the Tomahawk Prospect to Hess Bakken and agreed not to acquire any

additional interests in the Tomahawk Prospect. *Id.* In April 2010, Hess Bakken sold certain of its leases in the Tomahawk Prospect to defendant Statoil Oil & Gas, LP ("Statoil") (with respect to the agreement between defendants, the "Hess/Statoil Agreement"). After Hess Bakken's sale of its interests in the Tomahawk Prospect to Statoil, Statoil honored the Agreement in part, by paying Spring Creek royalties on leases in the Tomahawk Prospect that Hess Bakken owned at the time of the Hess/Statoil Agreement, but Statoil did not assign overriding royalty interests to Spring Creek in any leases that it acquired in the Tomahawk Prospect after it acquired Hess Bakken's leases in that area. *Id.* at 6, ¶¶ 27-28.

Spring Creek initiated this action on December 13, 2013, asserting claims for relief for breach of contract, fraudulent concealment, and civil conspiracy against Hess Bakken and Statoil, as well as a claim for breach of the implied covenant of good faith and fair dealing against Hess Bakken and a claim for tortious interference with contract against Statoil. *See generally* Docket No. 3.

In its September 5, 2014 Order, the Court dismissed plaintiff's claims for breach of the implied covenant of good faith and fair dealing, tortious interference with contract, fraudulent concealment, and civil conspiracy. Docket No. 48 at 28. The Court also partially dismissed Spring Creek's breach of contract claims against each defendant. With respect to Spring Creek's breach of contract claim against Hess Bakken, the Court dismissed the claim with regard to the theories that Hess Bakken failed to disclose leases acquired after the Hess/Statoil Agreement and failed to acquire new leases. *Id.* The Court also partially dismissed Spring Creek's claim against Statoil for breach of contract with regard to the theory that Statoil breached the Agreement by failing to

disclose all of the leases it acquired in the Tomahawk Prospect. *Id.*

Spring Creek seeks reconsideration of a portion of the Court's September 5, 2014 Order. Specifically, Spring Creek asks the Court to reconsider the Court's holding that neither the Agreement nor the AMI obligated Hess Bakken to acquire new leases. Docket No. 52 at 2. The result of this holding was partial dismissal of Spring Creek's first claim for relief (breach of contract against Hess Bakken). *See* Docket No. 48 at 9-10, 28.

## II. ANALYSIS

Spring Creek brings its motion pursuant to Fed R. Civ. P. 60(b), which concerns relief from a "final judgment, order, or proceeding." However, no final judgment or order has entered against Spring Creek. Where a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Thus, Spring Creek's motion is procedurally improper and is denied on this ground. In the alternative, even if the Court construes Spring Creek's motion as a motion for reconsideration, the Court nevertheless determines that Spring Creek has failed to demonstrate entitlement to relief.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.

1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

As grounds for reconsideration, Spring Creek argues that the Court was not, at the pleadings stage, provided with a complete version of the Agreement, as the Agreement consisted of a number of different contracts, not all of which were attached to Spring Creek's complaint.  *See* Docket No. 52 at 2-3.  According to Spring Creek, the entire agreement is ambiguous as to whether Hess Bakken had an obligation to acquire new leases, and Spring Creek should be allowed to present evidence regarding the parties' intent.  *Id.* at 6-7.  Hess Bakken argues that Spring Creek's failure to attach the complete Agreement to its complaint is not grounds for reconsideration of the Court's

order of dismissal.  Docket No. 60 at 3.  The Court agrees.  Spring Creek's motion is not based on evidence discovered after the Court issued its September 5, 2014 Order.  Rather, as Spring Creek acknowledges, the additional contracts that it attaches to its motion for reconsideration were all "executed on or around October 8, 2009."  Docket No. 52 at 3.  Moreover, as Hess Bakken notes, see Docket No. 60 at 3, Spring Creek's argument in response to Hess Bakken's motion to dismiss was that the AMI "unambiguously" obligated Hess Bakken to pursue additional leases.  See Docket No. 33 at 4-5.  Spring Creek did not rely on any of the documents that it contends comprise the Agreement.  The Court rejected Spring Creek's argument and finds that Spring Creek's attempt to resurrect its breach of contract claim against Hess Bakken by raising an argument based on different agreements fails.

A motion for reconsideration is not the proper forum to entertain new interpretations of "supporting facts which were available at the time of the original motion."  *Servants of the Paraclete*, 204 F.3d at 1012.  Thus, even if the Court were to construe the instant motion as a motion for reconsideration, Spring Creek would not be entitled to relief.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Spring Creek Exploration & Production Company, LLC's Motion for Reconsideration Regarding Portions of the Court's Order Granting in Part and Dismissing in Part the Defendants' Motions to Dismiss [Docket No. 52] is **DENIED**.

DATED June 5, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge