IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00134-PAB-KMT

SPRING CREEK EXPLORATION & PRODUCTION COMPANY, LLC, and
GOLD COAST ENERGY, LLC,

      Plaintiffs,

v.

HESS BAKKEN INVESTMENT II, LLC, f/k/a TRZ ENERGY LLC, and
STATOIL OIL & GAS LP, f/k/a BRIGHAM OIL & GAS LP,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the parties' Agreed Motion to Dismiss Existing Lease Claims Without Prejudice [Docket No. 367].

Plaintiffs Spring Creek Exploration & Production Company, LLC ("Spring Creek") and Gold Coast Energy LLC ("Gold Coast") alleged various causes of action against defendants Statoil Oil & Gas LP ("Statoil") and Hess Bakken Investments II, LLC ("Hess") related to (a) payment on existing oil and gas lease claims and (b) claims related to new oil and gas leases.  Docket No. 366 at 1-2, ¶ 2.  On September 5, 2014, the Court dismissed some of plaintiff's claims related to new leases, which included both breach of contract and tort claims.  Docket No. 48.  On March 24, 2016, the Court entered an order granting partial summary judgment against plaintiffs on their claim for working interest damages arising from defendant Hess' alleged breach of contract. Docket No. 286.  Most recently, on September 8, 2016, the Court entered an order

granting summary judgment against plaintiffs on all of plaintiffs' remaining new lease claims. Docket No. 362. After the Court's summary judgment ruling, the only remaining claims to be tried are plaintiffs' breach of contract claims against Hess and Statoil for the alleged failure to honor plaintiffs' overriding royalty interest in the existing leases. Docket No. 362 at 27, 37-38.

The parties have agreed to dismiss the breach of contract claims without prejudice and to arbitrate them instead. Docket No. 367 at 2, ¶ 3. Because the parties have agreed to dismiss the breach of contract claims, and all other claims have been decided in defendants' favor, the Court finds that entry of final judgment is appropriate.

The parties also request that the Court refer the remaining claims in the case to arbitration pursuant to the parties' Existing Lease Claim Arbitration Agreement. Docket No. 367 at 2. The parties apparently entered into this agreement as a commendable means of resolving the breach of contract claims in order to allow judgment to enter. However, the parties identify no basis or authority for the Court to order them, pursuant to a recent contractual agreement not part of the claims in this case, to arbitrate the breach of contract claims. *Cf. Exzavior McCulley v. Central State Logistics, Inc.*, Civil Action No. 15-cv-00587-PAB-KMT (D. Colo. Aug. 25, 2016) (refusing to enforce post-dismissal arbitration agreement). Although the Court will not order the parties to arbitrate those claims, the Court assumes that all parties to the agreement will honor its provisions.

For the foregoing reasons, it is

**ORDERED** that the parties' Agreed Motion to Dismiss Existing Lease Claims Without Prejudice [Docket No. 367] is granted in part.  It is further

**ORDERED** that plaintiffs' first and second claims for relief for breach of contract claims for past damages against Hess and Statoil, *see* Docket No. 80 at 8-9, are dismissed without prejudice.  It is further

**ORDERED** that the trial preparation conference scheduled for January 6, 2017 and the trial scheduled to commence on January 23, 2017 are vacated.  It is further

**ORDERED** that defendants' Unopposed Motion to Continue the Trial on the Existing Lease Claims, and Rule 54(B) Certification as Final Judgment of All the New Lease Claims [Docket No. 366] is denied as moot.  It is further

**ORDERED** that this case is closed.


DATED December 15, 2016.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge